In re Estate of Christensen.

IN THE MATTER OF THE ESTATE OF HERMAN J. CHRISTENSEN, Deceased, ANDREW H. CHRISTENSEN et al., Heirs and Distributees, Appellants.

APPELLATE DECISION : RETRIAL : EVIDENCE : ON ISSUE ALREADY DETERMINED : PROPERLY REJECTED. Where an issue has been once determined by an appellate court and the cause sent back for further proceedings in accordance with the appellate decision, evidence which tends only to raise the issue already determined by the Appellate Court is properly rejected.[1]

Decided February 1, 1901.

Appeal from the Seventh District Court, San Pete County.— *Hon. Jacob Johnson,* Judge.

In settlement of an estate the District Court refused to admit testimony offered by appellants for the purpose of proving that one H. C. was divorced from the deceased and entered a decree awarding her one-third of the residue of the estate. From such decree certain petitioners claiming to be sole heirs of the deceased appealed.

AFFIRMED.

*Messrs. Rawlins, Thurman, Hurd & Wedgwood,* and *Ferninand Erickson, Esq.,* for appellants.

A judgment has no effect upon and is not a bar to any subsequent action unless it was actually rendered and is final.

[1] In re Christensen, 17 Utah 412.

Vol. 23 u—14

In re Estate of Christensen.

21 Am. Ency. of Law 266; Latta v. Kilbourn, 150 U. S. 524, 539; McGourkey v. Toledo & Ohio Central Ry., 146 U. S. 544, 550; Keystone Manganese Co. v. Martin, 132 Id. 91; Lodge v. Twell, 135 U. S. 232.

The general rule is that in order to make a matter *res judicata* there must be a concurrence of four conditions, namely:

Identity of the subject matter; identity of the cause of action; identity of persons and parties, and identity in the quality of, for or against whom the claim is made. In this case none of these conditions existed and no evidence whatever was offered and no attempt made to prove the existence thereof. 21 Ency. of Law 227; Cromwell v. Sac. County, 94 U. S. 351; Horton v. Hamilton, 20 Tex. 606; Palmer v. Hussey, 87 N. Y. 303; Lewis's Appeal, 67 Pa. State 153; Slocomb v. De Lizardi, 99 Am. Dec. 740.

*Messrs. Zane & Rogers,* and *W. D. Livingston, Esq.* for respondents.

This court directed the court below to recognize the petitioner as the lawful widow of the deceased. As to that recognition no discretion was left to the court below. State v. Norrell, 17 Utah 8.

Whether the judgment from which the first appeal was taken was final, was settled by the decision and judgment of this court upon that appeal. Thomson v. Dean, 7 Wall. 342; Winthrop Iron Co. v. Meeker, 109 U. S. 190.

BARTCH, J.—It appears from the record that Herman J. Christensen died intestate, on June 26, 1897, and that on July 12, of the same year, an administrator of his estate was appointed by the district court of San Pete County, sitting as a court of probate. Thereupon Hannah Christensen, by her

guardian, presented to the court a petition, alleging that she was the lawful wife of the deceased, and asking that an allowance be made to her as his widow. The administrator, by answer to the petition, denied that the petitioner was the wife of the intestate at the time of his death, and that she was his lawful widow. At the trial of the issue, thus raised, the court held that the petitioner was not the lawful widow of the deceased, and refused to make any allowance to her out of his estate. From that judgment she appealed, and this court, upon such appeal, reversed the judgment and remanded the cause to the lower court, with directions "to recognize the petitioner as the lawful widow of the decedent and to adjudicate the rights of the respective parties found to have an interest in his estate, and to make payment or distribution thereof according to law."

The cause having been remanded to the district court, both the administrator and the appellants herein filed separate petitions, praying that final distribution be made, and the estate brought to a close.

The administrator, in his petition, alleged that Hannah Christensen was the widow of the deceased, and as such, was entitled to one-third of the estate. The appellants alleged that she claimed to be the widow of deceased, but was not such in fact, and was not entitled to any distributive share of the estate.

At the hearing, the court refused to admit testimony, offered by the appellants, for the purpose of proving that Hannah Christensen was divorced from the deceased, by a decree of the probate court of San Pete county, on December 5, 1854, and entered a decree of distribution by which one-third of the residue of the estate was distributed to her as the widow of the intestate.

On this appeal it is insisted, by the appellants, that the

court erred in excluding the testimony offered referring to the alleged divorce. We see no error in the exclusion of such testimony. The question as to the validity of the alleged divorce was presented to, and decided by this court upon the former appeal. The decree of divorce was then held void, Hannah Christensen was held to be the lawful wife of the deceased, and the court was ordered to make distribution of the estate accordingly. *In re* Herman J. Christensen, 17 Utah 412.

When, therefore, after the cause had been remanded with directions to the trial court to recognize the petitioner as the lawful widow of the deceased in the distribution of the estate, the appellants, in the subsequent proceedings, again offered substantially the same evidence, for the purpose of again trying the same issue which the appellate court had passed upon and determined, the evidence was properly rejected.

The action of the trial court, in the premises, was strictly in accordance with the mandate of this court, and we find no reversible error in the record.

The judgment is affirmed, with costs. *Miner, C. J., Baskin, J.,* concur.